**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES SIMS,<br><br>　　　　　Plaintiff - Appellant,<br><br>　v.<br><br>JEANNE WOODFORD; et al.,<br><br>　　　　　Defendants - Appellees. | No. 10-15389<br><br>D.C. No. 1:05-cv-01523-LJO-DLB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted April 20, 2011[**]

Before:　RYMER, THOMAS, and PAEZ, Circuit Judges.

　　James Sims, a former California state prisoner, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging that

prison officials violated his constitutional rights by wrongly classifying him as a

sexual offender while he was incarcerated.　We have jurisdiction under 28 U.S.C.

---

　　[*]　　This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

　　[**]　　The panel unanimously concludes this case is suitable for decision
without oral argument.　*See* Fed. R. App. P. 34(a)(2).

§ 1291. We review de novo the district court's grant of summary judgment, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and for an abuse of discretion the district court's decision not to continue summary judgment under Fed. R. Civ. P. 56(f), *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1000 (9th Cir. 2002). We affirm.

The district court properly granted summary judgment as to Sims's due process claim because Sims failed to raise a genuine issue of material fact as to whether the classification error resulted in any deprivations or changes in the conditions of confinement constituting an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life" that would give rise to a protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995).

The district court properly granted summary judgment as to Sim's Eighth Amendment claim because Sims failed to show that he suffered any injury other than the allegedly erroneous classification itself, which resulted in his assignment to a higher security facility and restrictions on overnight family visitations. *See Meachum v. Fano*, 427 U.S. 215, 224 (1976) (no constitutional right to be housed "in any particular prison"); *Gerber v. Hickman*, 291 F.3d 617, 621 (9th Cir. 2002) (en banc) ("[I]t is well-settled that prisoners have no constitutional right while incarcerated to contact visits or conjugal visits."); *Hoptowit v. Ray*, 682 F.2d 1237,

1256 (9th Cir. 1982) *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995) ("[M]isclassification does not itself inflict pain within the meaning of the Eighth Amendment.").

The district court did not abuse its discretion by not continuing defendants' summary judgment motion until Sims received a complete copy of his deposition transcript because Sims failed to show how an entire copy of the transcript was necessary to defeat summary judgment. *See California v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998) (under Fed. R. Civ. P. 56(f), a party seeking a continuance must submit an affidavit explaining, among other things, how the sought-after facts are essential to resist the summary judgment motion).

Sim's remaining contentions, including that he was denied the opportunity to file an opposition to defendants' motion for summary judgment, are unpersuasive.

**AFFIRMED.**